UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BEN WANNAMAKER,                                          **DECISION AND ORDER**

               Plaintiff,                              10-CV-00946-RJA-JJM

v.

JACOBS MARSH, LLC,

               Defendant.
_____

        By letter dated July 6, 2011 [20][1] defense counsel Brendan H. Little notified me that plaintiff's counsel had abruptly canceled a mediation session scheduled for July 7, 2011. Pursuant to §2.3(B) of this Court's Alternative Dispute Resolution ("ADR") Plan (as amended June 24, 2011), by Text Order dated July 7, 2011 [21] I ordered plaintiff's counsel to show cause why sanctions should not be imposed for canceling the mediation. On July 21, 2011, plaintiff's counsel Adam T. Hill responded to the Order to Show Cause [22], and a hearing was held on July 25, 2011 [23]. For the following reasons, I conclude that a modest award of sanctions is appropriate.

        **BACKGROUND**

        The essential facts set forth in Mr. Little's letter [20] are undisputed by plaintiff's counsel. Following extensive efforts to obtain a mediation date from plaintiff's counsel, on June 7, 2011 the parties agreed to hold a mediation session before mediator Douglas Coppola, Esq. on July 7, 2011. On July 6, 2011, at 3:53 p.m., Mr. Hill's associate, Nick Bontrager, sent an e-mail

---

[1]    Bracketed references are to the CM/ECF docket entries.

indicating that neither Mr. Hill nor plaintiff's local counsel (Andrew Roby) would be able to attend the mediation on July 7. In an effort to allow the mediation to proceed, both Mr. Coppola and Mr. Little offered to allow Mr. Bontrager to participate in the mediation via telephone. However, Mr. Bontrager refused, stating that he could not participate in the mediation because he was not licensed to practice law in New York State.

Responding to the Order to Show Cause, Mr. Hill states that Mr. Roby had confirmed his availability to attend the mediation, but then failed to calendar the mediation date and "had other professional engagements that precluded his presence that [*sic*] the mediation". Plaintiff's Response [22], ¶4, that Mr. Hill "was leaving the office beginning July 7, 2011 to attend a close friend's wedding" (id., ¶5), and that Mr. Bontrager, declined to participate in the mediation because he "is not licensed in New York and only assists Mr. Hill on the matter in a limited role". Id., ¶8.

## DISCUSSION

The excuse proffered by plaintiff's counsel for their failure to participate in the mediation on July 7, 2011 is unacceptable. While I recognize that scheduling problems can arise, in this case plaintiff's counsel demonstrated a cavalier disregard of their responsibilities toward opposing counsel, toward the mediator, and toward the ADR program itself. The mediation hearing had been scheduled for a month, and it is reasonable to expect that both Mr. Coppola and Mr. Little had devoted time in preparing for the mediation hearing, at least some of which will have to be repeated when the mediation eventually takes place. This inconvenience is

compounded by the fact that ADR mediators such as Mr. Coppola are not compensated for time spent preparing for the initial mediation session.

Accordingly, I believe that a modest sanction is warranted. Within 30 days of today's date, plaintiff's counsel shall pay the sum of $125.00 to Mr. Little's firm (Lippes, Mathias, Wexler, Friedman LLP) and an additional $125.00 to the mediator, Douglas Coppola. Payment shall be made by Mr. Roby, Mr. Hill, and/or by Mr. Hill's firm (Krohn & Moss, Ltd.). Furthermore, as requested by Mr. Little, the Case Management Order deadline for mediation [18, ¶6] shall be extended to September 6, 2011.

In accordance with §2.3(B) of this Court's ADR Plan, any objections to this Decision and Order shall be filed with the Court within 14 days of today's date and contemporaneously served on all other counsel and upon Mr. Coppola.

**SO ORDERED.**

Dated:  July 27, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge