UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================================

BEN WANNAMAKER,

                                  Plaintiff,

                                                        **DECISION AND ORDER**
                                                            10-CV-946A
          v.


JACOBS MARSH, LLC,

                                  Defendant.

===============================================

## I.    INTRODUCTION

          Pending before the Court is a motion (Dkt. No. 27) by plaintiff Ben

Wannamaker for an award of attorney fees pursuant to the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.  An award of attorney fees

is the only issue remaining in this case, since the parties have settled on the

merits.  The redacted portion of the settlement agreement filed in the docket

contained no findings of liability but explicitly permitted plaintiff to request, and

defendant to dispute, attorney fees.  Plaintiff accordingly has requested

$5,088.00 in total attorney fees.  Defendant opposes the motion on the basis that

plaintiff's request relies on excessively high hourly rates and estimates of time

spent drafting routine pleadings.

The Court has deemed the motion submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP").  For the reasons below, the Court denies the motion.

## II.    BACKGROUND

This case concerned defendant's conduct in attempting to collect on an alleged consumer debt.  Because the complaint did not contain a lot of background information, details concerning this debt are not available to the Court.  For example, the Court cannot determine from the information available what kind of debt defendant attempted to collect and whether it communicated that information to plaintiff; whether plaintiff acknowledged owing any kind of debt, and if so, whether he agreed with defendant's characterization of it; and whether the parties disputed the amount of the debt in question.[1]  Nonetheless, plaintiff's complaint, filed on November 22, 2010, does allege that defendant called plaintiff's relatives on multiple occasions without authorization from plaintiff.  Defendant discussed plaintiff's debt during these phone calls.  Also, defendant allegedly told plaintiff's mother that it was affiliated with the Salt Lake City, Utah judicial system.  Plaintiff accused defendant of violating multiple provisions of the

---

[1] The only details that the Court has about the alleged debt come from plaintiff's motion papers.  In one sentence on the first page of the motion papers, plaintiff described the alleged debt as "the underlying $1,300 debt originally owed to Wells Fargo."  (Dkt. No. 27 at 1.)

FDCPA, including provisions prohibiting harassment, deception, and unauthorized disclosures to third parties.

After joinder of issue, the parties commenced discovery and mediation. This phase of the litigation proceeded without incident, with one exception.  The parties had scheduled a mediation session for July 7, 2011.  Defendant had to cancel the mediation session almost immediately after it began because plaintiff's attorneys of record failed to appear, while a substitute attorney who did appear was not licensed to practice in New York.  Bad calendar management was the only explanation that plaintiff's counsel provided for the failure to appear. Magistrate Judge Jeremiah J. McCarthy sanctioned plaintiff's counsel in the amount of $250 for the failure to appear.  (Dkt. No. 24.)  The parties did resume mediation, however, and on September 9, 2011, the mediator notified the Court that the case settled.  (Dkt. No. 25.)  To settle the case, defendant absolved plaintiff of the debt in question in exchange for a discontinuance of the litigation. Plaintiff never filed the settlement agreement with the Court, meaning that the Court cannot determine whether defendant conceded liability for any of the allegations in the complaint.

The only excerpt from the settlement agreement that plaintiff did file in the docket allowed the parties to make the arguments that currently are pending with respect to attorney fees.  Specifically, Paragraph 5 of the settlement agreement reads as follows:

3

> Wannamaker will make an application to the Court seeking its
> reasonable attorney's fees.  Jacobs will not dispute the fact that
> Wannamaker is entitled to make an application for reasonable
> attorney's [sic], but expressly reserves the right to contest the
> amount, if any, of the reasonable attorney's fees.  Wannamaker shall
> not seek reasonable attorney's [sic] for any work associated [sic] the
> drafting and making of the application seeking attorney's fees.

(Dkt. No. 27-1 ¶ 5.)  In accordance with this provision, plaintiff filed the pending

motion for attorney fees on November 7, 2011.  Plaintiff's counsel seeks

reimbursement of $5,088.00 covering 30.4 hours of time, at hourly rates of $205

for attorneys and $75 for paralegals and clerical staff.  Defendant raises several

objections to the amount that plaintiff's counsel has requested.  Defendant argues

that plaintiff's counsel should not receive any attorney fees because they

intentionally rejected an earlier settlement offer of $3,150—$1,850 in cash and

$1,300 in debt discharge—solely to keep churning the file and to keep generating

fees.  Defendant argues further that plaintiff's counsel has overbilled for the

drafting of a form complaint that it files regularly in various jurisdictions.  Finally,

defendant points to prior decisions from this Court establishing lower hourly rates

than plaintiff's counsel has claimed here.

## III.   DISCUSSION

Although the parties have argued in detail over plaintiff's counsel's itemized

billing, the Court's immediate concern is whether the terms of the settlement

agreement allow for any award of attorney fees at all.  The FDCPA authorizes

plaintiffs to receive "in the case of any *successful action to enforce the foregoing*

*liability*, the costs of the action, together with a reasonable attorney's fee as

4

determined by the court." 15 U.S.C. § 1692k(a)(3) (emphasis added). As the plain language of the FDCPA indicates, the event that triggers any consideration of attorney fees is a "successful action" based on "liability," which implies some sort of finding of liability.

The prerequisite of a successful action causes two problems for plaintiff. First, the parties have not provided the Court with any portion of the settlement agreement except Paragraph 5, quoted in full above. The record contains no evidence that the parties contemplated any admission of liability when they settled. *Cf. Walker v. Rash Curtis & Assocs.*, No. 2:10-cv-00106, 2010 WL 4157128, at *3 (E.D. Cal. Oct. 19, 2010) ("[N]othing in the Rule 68 Settlement Offer indicates that Plaintiffs in any way conducted a 'successful action to enforce' liability against Defendant under the FDCPA."); *see also Flegal v. First Source Advantage, LLC,* No. 10-CV-771, 2011 WL 1793171 (W.D.N.Y. May 9, 2011) (Arcara, *J.*) (awarding attorney fees where an offer of judgment of $1,001 at the least implied an admission of statutory damages).

Second, nothing happened in this case that the Court could consider a "successful" prosecution of plaintiff's claims of liability. Although Court-ordered mediation was involved, the parties reached a voluntary settlement. That settlement, as far as the Court knows, contained no admissions of liability. Plaintiff did not otherwise establish liability through a verdict, finding of fact, or other ruling. Courts that award attorney fees under the FDCPA require some sort of vindication of plaintiff's allegations before declaring a case a "successful action

to enforce the foregoing liability." *See, e.g., Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("*Because the FDCPA was violated*, however, the statute requires the award of costs and a reasonable attorney's fee . . . .") (emphasis added) (citation omitted); *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989) ("[B]ecause we now find a violation [of the FDCPA], [plaintiff] should be awarded costs and reasonable attorney's fees in amounts to be fixed in the discretion of the district court.").  In this sense, the phrase "successful action to enforce the foregoing liability" is analogous to the phrase "prevailing party" used in other federal statutes that authorize awards of attorney fees.  *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.  Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties."); *Preservation Coalition of Erie County v. Fed. Trans. Admin.*, 356 F.3d 444, 451 (2d Cir. 2004) ("As examples of the types of actions that would not convey the necessary imprimatur, the [Supreme] Court offered successful results obtained through private settlement agreements, non-dispositive victories such as surviving a motion to dismiss for lack of jurisdiction, prevailing over a motion to dismiss for failure to state a claim upon which relief could be granted, or receiving

an interlocutory ruling that reversed a dismissal for failure to state a claim.")

(citing *Buckhannon*).

Under these circumstances, plaintiff has not proven that he prevailed on

any of the claims in this complaint so as to establish liability by defendant and to

make this case a "successful action" regarding that liability.  Without some

alteration in the legal relationship between the parties, the provision of the

FDCPA authorizing awards of attorney fees does not apply here.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court denies plaintiff's motion (Dkt.

No. 27).

SO ORDERED.


*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE


DATED: January 9, 2012